UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIYAKI THURSTON, | ) |
| | ) |
|       P<small>LAINTIFF</small>, | ) |
| | ) |
| vs. | )     C<small>ASE</small> N<small>O</small>. 15-CV-376-FHM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|       D<small>EFENDANT</small>. | ) |

**OPINION AND ORDER**

Plaintiff, CHIYAKI THURSTON, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Chiyaki Thurston's applications were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) John W. Belcher was held January 22, 2013. By decision dated February 21, 2014, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 4, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 39 years old on the alleged date of onset of disability and 42 years old on the date of the denial decision. She has a Master's Degree and past work experience includes an elementary teacher and a school principal. Plaintiff claims to have been unable to work since April 20, 2011 due to fibromyalgia, obesity, high blood pressure, depression, migraines, sleep apnea, irritable bowel syndrome, and anxiety. [R. 241].

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: fibromyalgia, obesity, sleep apnea, irritable bowel syndrome, bilateral hip and knee pain, affective disorder, and anxiety related disorder. [R. 72]. The ALJ determined that the Plaintiff has the residual functional capacity to perform sedentary work with normal breaks, climb stairs occasionally, but should avoid climbing ladders, ropes, or scaffolds. Plaintiff

can occasionally balance, bend, stoop, crouch, and crawl. She can do simple repetitive semi-skilled work, but should only have superficial contact with coworkers, supervisors, and the public. [R. 75]. The ALJ determined that although Plaintiff cannot return to her past relevant work, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 21-22]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts the ALJ failed to: 1) properly evaluate fibromyalgia pursuant to Social Security Rulings (*SSR*) 12-2p; 2) properly evaluate the medical evidence of consultative examiner, Susan Linde, Ph.D., and 3) include all the medically determinable impairments in the Step 2 analysis.

## Analysis

### Evaluation of Fibromyalgia

Plaintiff argues that the ALJ erred in evaluating her fibromyalgia when he disregarded or failed to take note of Plaintiff's fibromyalgia tender point testing. [Dkt. 13, pp. 3-4]. Plaintiff contends that the ALJ's statement in the decision that, "The evidence of record in the instant claim does not reflect at any time during the relevant period the existence of the requisite number of trigger points," is incorrect. [R. 73]. It is the Commissioner's position that the ALJ's statement was a harmless scrivener's error.

3

In support of her argument, Plaintiff cites numerous places in the medical record where Plaintiff was diagnosed with fibromyalgia and positive trigger points were recorded including more than the requisite number of trigger points under Social Security Ruling (*SSR* 12-2p). *SSR* 12-2p states the Social Security Administration will only find that a person has a medically determinable impairment of fibromyalgia if established by an acceptable medical source after review of the person's medical history, physical examination, and: 1) there is a history of widespread pain in all quadrants of the body, persisting for at least three months (although the pain may fluctuate in intensity and may not always be present); 2) at least 11 of 18 possible positive tender points are found on physical examination; and 3) that there is evidence that other disorders were excluded as possible causes of the pain.

Plaintiff is correct that at one place in the decision the ALJ incorrectly states that, "The evidence of record in the instant claim does not reflect at any time during the relevant period the existence of the requisite number of trigger points." However, the ALJ did not disregard Plaintiff's fibromyalgia. The ALJ actually found fibromyalgia as a severe impairment. [R. 72]. Further, the decision specifically notes the findings of consultative examiner, Andrew M. Patchett, M.D., that Plaintiff had 12 out of 18 tender points, which is more than the requisite number of trigger points, and he assessed Plaintiff with fibromyalgia. [R. 77]. Numerous other notations of fibromyalgia are noted throughout the decision. [R. 76-78]. The decision concludes that although the evidence does show some limitation from fibromyalgia, Plaintiff would be able to perform within the assessed RFC. [R. 78].

Thus, a full reading of the decision clearly shows that the ALJ considered Plaintiff's fibromyalgia and determined an RFC which accommodated the limitations flowing from fibromyalgia. The language cited by Plaintiff was clearly a scrivener's error and provides no basis to reverse the ALJ's decision.

### Evaluation of Consultative Examiner

Plaintiff argues that the ALJ did not properly evaluate the opinion of consultative examiner, Susan Linde, Ph.D. [Dkt. 13, p. 5]. Plaintiff contends that the ALJ failed to consider and ignored Dr. Linde's opinion that Plaintiff displayed significant impairment in her gross motor abilities, and at times required a cane for ambulation. [Dkt. 13, p. 5; R. 425]. Plaintiff's argument is without merit.

Dr. Linde performed a mental health evaluation on May 21, 2012 and noted that Plaintiff had significant impairment in her gross motor abilities as Plaintiff had problems moving about the office, sitting for the entire examination, and used a cane when walking. [R. 420-427]. The decision reflects that the ALJ accurately discussed and summarized the opinion of Dr. Linde specifically stating, "Her motor skills were judged as to be very strong; however, her gross motor skills were impaired." [R. 78]. Therefore, the ALJ did not "fail to consider" or "ignore" the opinion of Dr. Linde and determined that the evidence was consistent with the RFC assessment. [R. 79]. The court finds that the ALJ's evaluation of the opinion of Dr. Linde was proper and is supported by substantial evidence.

Plaintiff argues that the ALJ erred by failing to state the weight he accorded the opinion of Dr. Linde. [Dkt. 13, p. 5]. It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions including the opinions of state agency medical consultants. *Keyes–Zachary v.*

5

*Astrue*, 695 F.3d 1156, 1161 (10th Cir.2012) (citations omitted). An ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity. See *id.* at 1162–63. In that case, the claimant is not prejudiced "because giving greater weight to [the opinion] would not have helped her." *Id.* at 1163.

The decision shows that the ALJ thoroughly analyzed and discussed the medical evidence of Dr. Linde and demonstrates the ALJ's consideration. The ALJ stated he carefully considered all of the evidence. [R. 70, 72, 74]. The Tenth Circuit has stated it will take the ALJ at his word where, as here, the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the claimant's impairments. *Wall v. Astrue,* 561 F.3d 1048, 1070 (10th Cir. 2009). Though the ALJ did not specifically articulate what weight he accorded to Dr. Linde, it is clear that he considered her opinion. The ALJ concluded that the evidence was consistent with the RFC assessment and supported a finding that Plaintiff could perform sedentary exertional work. The ALJ's failure to specify the weight given to Dr. Linde's medical opinion is not cause for reversal of the decision. Review requires the court to use common sense, not technical perfection, as its guide. *Keyes-Zachary v. Astrue,* 695 F.3d 1156 (10th Cir. 2012).

## Step 2 Determination

Plaintiff argues that the ALJ erred at Step 2 by failing to state whether Plaintiff's documented diabetes, myalgias, or migraines are severe, non-severe, or not medically determinable impairments. [Dkt. 13, p. 5]. At Step 2 of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is

required of the ALJ at Step 2. *Oldham v. Astrue,* 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at Step 2 does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.,* 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue,* 287 Fed. Appx. 616, 629 (10th Cir. 2008). The ALJ's decision demonstrates he considered all of Plaintiff's alleged impairments. Thus, the court finds no error in the ALJ's findings at Step 2.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 7th day of September, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE